**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DRB CAPITAL, LLC d/b/a MAGNUS, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No.: 4:17-cv-724-KPJ** |
| **TYLER WADE,** | § § § | |
| **Defendant.** | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is DRB Capital, LLC d/b/a Magnus, LLC's ("Plaintiff") Amended Application for Approval of Transfer of Structured Settlement Annuity Benefits (the "Application") (Dkt. 13). After considering the Application and the arguments presented at the hearing held on November 28, 2017, the Court finds that Plaintiff's Application is **GRANTED**.

## BACKGROUND

On November 1, 1996, the District Court for the Sherman Division of the Eastern District of Texas entered an Agreed Final Judgment in the case *Deborah Wade, Individually and as Next Friend of Tyler Ross Wade, a Minor v. Kindercare Learning Centers, Inc. and Timothy Owen Waggoner*; Case No. 4:95-CV-162. In this Agreed Final Judgment, the Court granted Tyler Ross Wade the following "Periodic Payments" as personal injury damages for a tort claim:

> commencing 9-1-2008, $750.00 per month for 5 years guaranteed;
> commencing 9-1-2008, $7,500.00 per year for 5 years guaranteed;
> commencing 12-1-2008, $7,500.00 per year for 5 years guaranteed;
> commencing 9-1-2013, $1,667.00 per month for Tyler Ross Wade's lifetime with the first 30 years guaranteed.

Dkt. 13-1 at 17. The Agreed Final Judgment additionally includes an "anti-assignability clause," which states, "It is further **ORDERED** that Plaintiffs acknowledge that the Periodic Payments

cannot be accelerated, deferred, increased, or decreased by the Plaintiffs or any payee; nor shall the Plaintiffs or any payee have the power to sell, mortgage, encumber or anticipate the Periodic Payments or any part thereof by assignment or otherwise." *Id.* The judgment defines Plaintiffs as "DEBORAH WADE, Individually and as Next Friend of Tyler Ross Wade, a minor." *Id.* at 15.

On or about August 25, 2017, Tyler Ross Wade ("Mr. Wade"), who is no longer a minor, willingly and voluntarily entered into an Absolute Sale and Security Agreement with Plaintiff, which is a limited liability company under the laws of the state of Delaware with its principal place of business in the state of Florida. *See* Dkts. 13 at 1; 13-1 at 1-10. In this Absolute Sale and Security Agreement, Mr. Wade agrees to sell to Plaintiff a portion of his structured annuity benefits that were created by the previously discussed Agreed Final Judgment in Case No. 4:95-CV-162. Specifically, Mr. Wade has agreed to sell 120 monthly payments of $833.00, each commencing on or about December 1, 2024, and ending on or about November 1, 2034, to Plaintiff for a lump sum cash payment of $37,001.55.

Because the Agreed Final Judgment in Case No. 4:95-CV-162, includes an "anti-assignability clause," the Issuer of Mr. Wade's annuity, New York Life Insurance Company, and Obligor of Mr. Wade's annuity, New York Life Insurance and Annuity Corporation, have asked Plaintiff to obtain consent from the Sherman Division of the Eastern District Courts of Texas for the transfer in the Absolute Sale and Security Agreement between Mr. Wade and Plaintiff. Because of this request, the current action was filed by Plaintiff on October 5, 2017, seeking consent to the transfer of payments.

## ANALYSIS

On November 28, 2017, the Court conducted a hearing on Plaintiff's Application. Both Mr. Wade and counsel for Plaintiff were in attendance. At the hearing, Plaintiff and Mr. Wade

(collectively, the "Parties") represented to the Court that all known, interested parties were previously notified of the Application and no objections were raised.[1] Specifically, Plaintiff's counsel represented that a hearing regarding the Application was held on October 4, 2017, in the 95th Civil District Court, in Dallas County, Texas, before Judge Ken Molberg. Plaintiff's counsel stated that, prior to that October 4, 2017, hearing, notice was given to all interested parties of the requested transfer of funds, and no objections were raised. Moreover, no persons or parties appeared at the November 28, 2017, hearing to state an objection to the assignment.

Based upon the Application, the Parties' representations regarding the prior hearing on October 4, 2017, the hearing before the Court on November 28, 2017, and the lack of objection from any interested party, the Court consents to the proposed transfer between Plaintiff and Mr. Wade. Having heard the arguments presented on the record, the Court finds that Mr. Wade is fully advised of the current value of the assigned payments and the consequences of making them and that, now that he has reached the age of majority, he should be free to assign them as proposed. Additionally, the Court consents to Plaintiff seeking approval of the proposed transfer pursuant to the Texas Structured Settlement Protection Act contained in Chapter 141 of the Texas Civil Practice and Remedies Code.

### CONCLUSION

For the foregoing reasons, DRB Capital, LLC d/b/a Magnus, LLC's Application for Approval of Transfer of Structured Settlement Annuity Benefits (Dkt. 13) is hereby **GRANTED**.

The Clerk shall **CLOSE** this civil action. All costs shall be borne as agreed by the parties.

---

[1] A similar Application for Approval of Transfer of Structured Settlement Annuity Benefits was granted on February 3, 2016, involving benefits from the same underlying Agreed Final Judgment. *See DRB Capital, LLC v. Tyler Wade*, Case No. 4:15-CV-795.

**IT IS SO ORDERED**.

 **SIGNED this 13th day of December, 2017.**

_____

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE